**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

In re:

Dean L. Smith,

               Debtor

Chapter 13
Case No. 18-20543

## ORDER GRANTING FEE APPLICATION IN PART

      Jeffrey P. White and Associates, P.C. filed its First and Final Fee Application for Compensation of Legal Services [Dkt. No. 52] (the "Fee Application").  Mr. White represented the debtor in this chapter 13 case from the petition date until successor counsel entered an appearance two months later.  Through the Fee Application, Mr. White seeks an award of $4,101.00 as compensation for services rendered and $412.45 for reimbursement of expenses, for a total award of $4,513.45.  The debtor objects, expressing concerns about the adequacy of the work performed by Mr. White and a perceived lack of progress while Mr. White was the debtor's counsel.  *See* [Dkt. No. 59].  The debtor also identifies some specific billing entries that he contends should be disallowed or allowed in a reduced, but unspecified, amount.  Finally, the debtor asserts that any fees and expenses awarded to Mr. White should be subordinated to the allowed fees and expenses of the debtor's current counsel, Molleur Law Offices ("MLO").

      The debtor's objections are, for the most part, unadorned.  For example, the debtor posits that the work performed by Mr. White was inadequate but does not explain exactly what deficiency might justify a reduction in allowed fees.  For that matter, the debtor does not suggest any particular reduction on account of the alleged deficiency.  The same is true of the debtor's general complaint about the "lack of progress" in his case.  Mr. White's firm provided services for roughly two months.  The fact that a plan was not confirmed within the first two months of a

chapter 13 case is hardly remarkable, and the debtor does not explain what other form of progress should have been made.

The Court has reviewed the billing detail attached to the Fee Application and the docket in this chapter 13 case. Based on that review, the Court awards $3,587.55 as compensation for services rendered and $412.45 as reimbursement of expenses for a total award of $4,000.00. This award is made under 11 U.S.C. § 330(a)(4)(B) and, to the extent necessary, 11 U.S.C. § 329. Given what was accomplished during Mr. White's tenure as counsel, $4,000 is a reasonable amount of compensation. That award may be on the higher end of the range of reasonable compensation for the work performed, but it is still reasonable. The allowed fees are less than the requested fees, in part, because some duplication of services necessarily occurred when Mr. White withdrew, in anticipation of his pending suspension from the practice of law, and MLO entered its appearance as successor counsel to the debtor.

As to the requested subordination, there is no evidence of any subordination agreement between Mr. White and MLO, and Mr. White denies that such an agreement was made. *See* [Dkt. No. 60]. Perhaps such an agreement exists, perhaps not. But the parties were content to submit this matter to the Court on a stipulated record, *see* [Dkt. No. 58] (audio of hearing on June 6, 2019), and that stipulated record does not contain sufficient information for the Court to rule on a disputed issue of material fact. Nevertheless, in the interest of crafting a fair resolution within the confines of the Bankruptcy Code, the Court orders the following: the chapter 13 trustee is hereby ordered to distribute $2,310.00 to MLO on account of MLO's fee award under section 330 prior to making any distribution to Jeffrey P. White and Associates, P.C. ("JPWA") on account of the award contained in this order.[1] Once MLO has received a total of $2,310.00 from the trustee, the trustee shall simultaneously disburse $0.50 of every dollar paid toward

---

[1] *See* [Dkt. No. 16] (Rule 2016(b) statement by Mr. White reporting receipt of prepetition retainer in the amount of $2,310.00); *see also* [Dkt. No. 45] (order awarding $3,012.95 to MLO).

administrative expenses to MLO and $0.50 to JPWA, until such time as MLO and JPWA have each received $702.95 from the trustee.  At such time, MLO should have received $3,012.95 on account of its allowed administrative expense claim, and JPWA should have received the same amount on account of the award contained in this order.  The unpaid amount of JPWA's award would be $987.05.  Neither MLO nor JPWA may receive any additional disbursements from the trustee until authorized by further order of the Court

Dated: July 16, 2019

Michael A. Fagone
United States Bankruptcy Judge
District of Maine